UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Trial By Jury Demanded

————————————————————X

LLOYD GELB and BEVERLY GELB

Index No: CV 15-1928

                    Plaintiffs,

            -against-

**ANSWER**

RICHARD W. OCKOVIC, Individually, and in his capacity
as Commissioner of the Albertson Water District and member
of the Board of Commissioners of the Albertson Water District,
HOWARD ABBONDONDELO, Individually, and in his capacity
as Commissioner of the Albertson Water District and member
of The Board of Commissioners of the Albertson Water District,
KENNETH F. VEY, Individually and in his capacity as
Commissioner of the Albertson Water District and member of the
Board of Commissioners of the Albertson Water District,
THE BOARD OF COMMISSIONERS OF THE ALBERTSON
WATER DISTRICT, THE ALBERTSON WATER DISTRICT,
THE TOWN OF NORTH HEMPSTEAD TOWN BOARD and
THE TOWN OF NORTH HEMPSTEAD,

WEXLER, J.
BROWN, M. J.

                    Defendants.

————————————————————X

    Defendants, RICHARD W. OCKOVIC, Individually and in his capacity Commissioner

of the Albertson Water District and member of the Board of Commissioners of the Albertson

Water District, HOWARD ABBONDONDELO, Individually and in his capacity as

Commissioner of the Albertson Water District and member of the Board of Commissioners of

the Albertson Water District, KENNETH F. VEY, Individually and in his capacity as a

Commissioner of the Albertson Water District and member of the Board of Commissioners of

the Albertson Water District, THE BOARD OF COMMISSIONERS OF THE ALBERTSON

WATER DISTRICT and THE ALBERTSON WATER DISTRICT (collectively the "AWD"

defendants), by their attorneys, Faust Goetz Schenker & Blee, LLP, as and for their Answer to

the Complaint, respectfully allege as follows:

1

1.     Deny the allegations contained in paragraph "1" of the Complaint.

2.     Deny the allegations contained in paragraph "2" of the Complaint and leave all questions of law and fact to the Court.

3.     Deny the allegations contained in paragraph "3" of the Complaint and leave all questions of law and fact to the Court.

4.     Deny the allegations contained in paragraph "4" of the Complaint and leave all questions of law and fact to the Court.

5.     Deny the allegations contained in paragraph "5" of the Complaint and leave all questions of law and fact to the Court.

6.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "6" of the Complaint.  This information is in the possession of plaintiffs.

7.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "7" of the Complaint.

8.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "8" of the Complaint and leave all questions of law and fact to the court.

9.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "9" of the Complaint and leave all questions of law and fact to the court.

10.    States that paragraph "10" of the Complaint contains legal statements as to the establishment of the Albertson Water District ("AWD") to which no response is required.  To

the extent a response may be required, AWD admits that AWD is located in the State of New York and otherwise denies knowledge or information sufficient to form a belief as to said statements and respectfully refers to the Court to the cited statutes for their full text and appropriate interpretation and to the question as to whether they have any applicability to the establishment of AWD.

11.   Object that this is a compound allegation and further object to ambiguity in the term "each" that appears in the last phrase because it is not clear what "each" refers to but otherwise admit the allegations that appear prior to the word "each" that are set forth in paragraph "11" of the Complaint.

12.   Admit the allegations of paragraph "12" of the Complaint.

13.   Admit the allegations of paragraph "13" of the Complaint except that it is not possible to admit whether all meetings are filed within 10 days, and deny knowledge in that regard.

14.   Admit the allegations of paragraph "14" of the Complaint except that it is not possible to admit whether all filings are done before the 15th of the month and deny knowledge in that regard.

15.   States that Plaintiff Lloyd Gelb served as an elected commissioner (a part-time position) of AWD for a period of only six (6) years, and otherwise denies the truth of the allegations contained in paragraph "15" of the Complaint.

16.   Admit the allegations of paragraph "16" of the Complaint.

17.   States that paragraph "17" contains a statement of law to which no response is required.  To the extent that a response is required AWD respectfully refers to the

Court to the cited statutes for their full text and appropriate interpretation and to the question as to whether they have any applicability to or were undertaken in accordance with Civil Service Law 163(2) and otherwise denies the allegation and specifically denies that there was ever any mandate to provide post-employment health benefits.

18.   States that AWD provided and paid at its sole cost and expense for family health, optical and dental insurance coverage for plaintiff Lloyd Gelb during his terms as a commissioner of AWD, and otherwise denies the truth of the allegations contained in paragraph "18" of the verified petition.

19.   Denies the allegations set forth in paragraph "19" of the Complaint.

20.   States that paragraph "20" of the Complaint contains a legal statement to which no response is required and the Court is respectfully referred to the regulations cited therein for their full text and appropriate interpretation and applicability.

21.   States that paragraph "21" of the Complaint contains a legal statement to which no response is required and the Court is respectfully referred to the regulations cited therein for their full text and appropriate interpretation and applicability.

22.   States that paragraph "22" of the Complaint contains a legal statement to which no response is required and the Court is respectfully referred to the law/regulations cited therein for their full text and appropriate interpretation and applicability.

23.   States that paragraph "23" of the Complaint contains a legal statement to which no response is required and the Court is respectfully referred to the law/regulations cited therein for their full text and appropriate interpretation and applicability.

24.   States that paragraph "24" of the Complaint contains a legal statement to

which no response is required and the Court is respectfully referred to the law/regulations cited therein for their full text and appropriate interpretation and applicability.

25.   States that plaintiff Lloyd Gelb lost a bid for re-election as a commissioner of AWD in December 2005, after serving in that part-time position for only six (6) years, and otherwise denies the truth of the allegations contained in paragraph "25" of the Complaint.

26.   Denies so much of the allegations contained in paragraph "26" of the Complaint as alleges that plaintiff Lloyd Gelb withdrew from active service for AWD and otherwise respectfully refers the Court to the regulations cited therein for their full text and appropriate interpretation and applicability.

27.   Denies the truth of the allegations contained in paragraph "27" of the Complaint.

28.   States that AWD incorrectly paid for family health, optical and dental insurance coverage for petitioners from January 1, 2006 to December 31, 2014, as a result of administrative error or mistake, and otherwise denies the truth of the allegations contained in paragraph "28" of the Complaint.

29.   States that paragraph "29" of the Complaint contains legal statements and conclusions to which no response is required and the Court is respectfully referred to the letter cited therein for its full text and appropriate interpretation and applicability.

30.   States that paragraph "30" of the Complaint contains legal statements and conclusions to which no response is required and the Court is respectfully referred to the correspondence and case law cited therein for their full texts and appropriate interpretation and applicability.

31.    States that paragraph "31" of the Complaint contains legal statements and conclusions to which no response is required and the Court is respectfully referred to the regulations and statutes cited therein for their full texts and appropriate interpretation and applicability.

32.    States that paragraph "32" of the Complaint contains legal statements and conclusions to which no response is required and the Court is respectfully referred to the letters cited therein for their full texts and appropriate interpretation and applicability.

33.    States that paragraph "33" of the Complaint contains legal statements and conclusions to which no response is required and the Court is respectfully referred to the letter and statute cited therein for their full texts and appropriate interpretation and applicability.  To the extent that a response may be deemed required, AWD denies the truth of the allegations contained in paragraph "33" of the Complaint.

34.    States that paragraph "34" of the Complaint contains legal statements and conclusions to which no response is required and the Court is respectfully referred to the letter cited therein for its full text and appropriate interpretation and applicability.  To the extent that a response may be deemed required, AWD denies the truth of the allegations contained in paragraph "34" of the Complaint.

35.    States that paragraph "35" of the Complaint contains legal statements and conclusions to which no response is required and the Court is respectfully referred to the letter and case law cited therein for their full texts and appropriate interpretation and applicability.  To the extent that a response may be deemed required, AWD denies the truth of the allegations contained in paragraph "35" of the Complaint.   AWD further states that said letter is

6

inadmissible, self-serving and irrelevant.

36.   States that, effective January 1, 2015, AWD ceased paying the insurance benefits it had provided to plaintiffs and otherwise denies the truth of the allegations contained in paragraph "36" of the Complaint.

37.   States that, effective January 1, 2015, plaintiffs have been paying for the insurance benefits previously paid for by AWD, and otherwise denies the truth of the allegations contained in paragraph "37" of the Complaint.

38.   States that paragraph "38" of the Complaint contains legal statements and conclusions to which no response is required and the Court is respectfully referred to the letter cited therein for its full text and appropriate interpretation and applicability.

39.   Denies the truth of the allegations contained in paragraph "39" of the Complaint.

40.   Denies the truth of the allegations contained in paragraph "40" of the Complaint.

41.   Denies the truth of the allegations contained in paragraph "41" of the Complaint.

42.   States that the referenced letter speaks for itself and refers all questions of law and fact to the Court.  To the extent that a response is required defendant denies the truth of the allegations contained in paragraph "42" of the Complaint except admits that the letter contains statements that are quoted.

43.   Denies the truth of the allegations contained in paragraph "43" of the complaint and further states that AWD engaged in a lawful process to assess benefits of all

former commissioners.

44.   Denies the truth of the allegations contained in paragraph "44" of the complaint and refers questions of law and fact to the court.

45.   Denies the truth of the allegations contained in paragraph "45" of the complaint.

46.   Denies the truth of the allegations contained in paragraph "46" of the complaint.

47.   Denies the truth of the allegations contained in paragraph "47" of the complaint and refer questions of law and fact to the court.

48.   Denies the truth of the allegations contained in paragraph "48" of the complaint.

49.   Denies the truth of the allegations contained in paragraph "49" of the complaint.

50.   Denies the truth of the allegations contained in paragraph "50" of the complaint.

51.   Denies the truth of the allegations contained in paragraph "51" of the complaint.

52.   Denies the truth of the allegations contained in paragraph "52" of the complaint and also objects that the allegation is compound and not in proper form for a pleading.

53.   Denies the truth of the allegations contained in paragraph "53" of the complaint.

54.   Denies the truth of the allegations contained in paragraph "54" of the

complaint.

55.   Denies the truth of the allegations contained in paragraph "55" of the complaint.

56.   Denies the truth of the allegations contained in paragraph "56" of the complaint.

57.   Denies the truth of the allegations contained in paragraph "57" of the complaint.

58.   Denies the truth of the allegations contained in paragraph "58" of the complaint.

59.   Denies the truth of the allegations contained in paragraph "59" of the complaint.

60.   Denies the truth of the allegations contained in paragraph "60" of the complaint.

61.   Denies the truth of the allegations contained in paragraph "61" of the complaint.

62.   Denies the truth of the allegations contained in paragraph "62" of the complaint.

63.   Denies the truth of the allegations contained in paragraph "63" of the complaint.

64.   Denies the truth of the allegations contained in paragraph "64" of the complaint.

65.   Denies the truth of the allegations contained in paragraph "65" of the

complaint.

66.   Denies the truth of the allegations contained in paragraph "66" of the complaint, except admit that there is a justiciable controversy.

67.   Denies the truth of the allegations contained in paragraph "67" of the complaint.

68.   Denies the truth of the allegations contained in paragraph "68" of the complaint.

69.   Denies the truth of the allegations contained in paragraph "69" of the complaint and objects that this allegation is grammatically incoherent and further object that it is a compound allegation but admit that AWD acted within its lawful authority.

70.   Denies the truth of the allegations contained in paragraph "70" of the complaint.

71.   Denies the truth of the allegations contained in paragraph "71" of the complaint.

72.   Denies the truth of the allegations contained in paragraph "72" of the complaint.

73.   Denies the truth of the allegations contained in paragraph "73" of the complaint.

74.   Denies the truth of the allegations contained in paragraph "74" of the complaint.

75.   Denies the truth of the allegations contained in paragraph "75" of the complaint.

76.   Denies the truth of the allegations contained in paragraph "76" of the complaint and objects that this allegation is grammatically incoherent and further object that it is a compound allegation but admit that AWD acted within its lawful authority.

77.   Denies the truth of the allegations contained in paragraph "77" of the complaint.

78.   Denies the truth of the allegations contained in paragraph "78" of the complaint and object the allegation is compound and incoherent.

79.   Denies the truth of the allegations contained in paragraph "79" of the complaint and object the term "hearing" is vague.

80.   Denies the truth of the allegations contained in paragraph "80" of the complaint.

81.   Denies the truth of the allegations contained in paragraph "81" of the complaint.

82.   Denies the truth of the allegations contained in paragraph "82" of the complaint.

83.   Denies the truth of the allegations contained in paragraph "83" of the complaint.

84.   Denies the truth of the allegations contained in paragraph "84" of the complaint.

85.   Denies the truth of the allegations contained in paragraph "85" of the complaint and object the allegation is compound and incoherent.

86.   Denies the truth of the allegations contained in paragraph "86" of the

complaint and object the allegation is compound and incoherent.

87.    Denies the truth of the allegations contained in paragraph "87" of the complaint.

88.    Denies the truth of the allegations contained in paragraph "88" of the complaint.

89.    Denies the truth of the allegations contained in paragraph "89" of the complaint.

90.    Denies the truth of the allegations contained in paragraph "90" of the complaint and object to compound allegations involving both AWD and "Town".

91.    Denies the truth of the allegations contained in paragraph "91" of the complaint and object to compound allegations involving both AWD and "Town".

92.    Denies the truth of the allegations contained in paragraph "92" of the complaint and object to compound allegations involving both AWD and "Town".

93.    Denies the truth of the allegations contained in paragraph "93" of the complaint and object to compound allegations involving both AWD and "Town".

94.    Denies the truth of the allegations contained in paragraph "94" of the complaint and object to compound allegations involving both AWD and "Town".

95.    Denies the truth of the allegations contained in paragraph "95" of the complaint and object to compound allegations involving both AWD and "Town".

96.    Denies the truth of the allegations contained in paragraph "96" of the complaint and object to compound allegations involving both AWD and "Town".

97.    Denies the truth of the allegations contained in paragraph "97" of the

complaint and object to compound allegations involving both AWD and "Town".

98.    Denies the truth of the allegations contained in paragraph "98" of the complaint.

99.    Denies the truth of the allegations contained in paragraph "99" of the complaint, except admit that defendants acted within the scope of authority and performed their duties and object that this allegation is vague and object to compound allegations involving both AWD and "Town".

100.    Denies the truth of the allegations contained in paragraph "100" of the complaint and object to compound allegations involving both AWD and "Town".

101.    Denies the truth of the allegations contained in paragraph "101" of the complaint and objects the allegation is vague and refers all questions of law to the Court.

102.    Denies the truth of the allegations contained in paragraph "102" of the complaint and objects the allegation is vague and refers all questions of law to the Court and object to compound allegations involving both AWD and "Town".

103.    Denies the truth of the allegations contained in paragraph "103" of the complaint and objects the allegation is vague and refers all questions of law to the Court and object to compound allegations involving both AWD and "Town".

**As a First Affirmative Defense**

104.    The complaint fails to state a cause of action.

**As a Second Affirmative Defense**

105.    AWD is an improvement district, duly organized and existing pursuant to the laws of the State of New York.

13

106.  AWD is administered by a Board of three Water Commissioners, each of whom serve staggered terms of office of three years and are elected by the registered voters within the district.

107.  As such, AWD is a municipality or governmental subdivision of the State of New York and its operations are financed and supported by taxes imposed upon properties within the District.

108.  By reason of the foregoing, AWD's funds are public monies and can be expended only in a manner which is consistent with the laws and regulations governing municipalities and governmental subdivisions of the State of New York.

109.  The elected office of water commissioner of the AWD is a part-time office.

110.  Petitioner Lloyd Gelb was elected to serve as a water commissioner of the AWD and served in such position for approximately six years, his final term of office having expired December 31, 2005.  During that entire period of time, Lloyd Gelb's services as a water commissioner of the AWD routinely consumed less than six (6) hours per week.

111.  Lloyd Gelb held no other office or position with AWD.

112.  Lloyd Gelb sought re-election as a commissioner of AWD in the month of December, 2005, but was defeated at the polls.

113.  Having failed in his bid for re-election, commencing January 1, 2006, 2006, Lloyd Gelb was no longer a commissioner of AWD.

114.  By reason of the foregoing, Lloyd Gelb was not an employee of the AWD.

115.  By reason of the foregoing, Lloyd Gelb did not retire from the AWD.

116. Lloyd Gelb is not a retiree of the AWD.

117. The AWD participates in the New York State Health Insurance Program (NYSHIP) for the benefit of its employees

118. As an employer participating in NYSHIP, AWD must comply with NYSHIP rules and regulations.

119. NYSHIP rules and regulations provide that AWD may continue health insurance benefits for Lloyd Gelb only if he meets certain eligibility requirements.

120. Lloyd Gelb does not meet the eligibility requirements in that he has not qualified for retirement as a member of a retirement system administered by New York State or any of its political subdivisions.

121. Lloyd Gelb does not meet the eligibility requirements in that he has not vested with respect to any retirement allowance and therefore he is not a "vestee" pursuant to NYSHIP rules.

122. Lloyd Gelb does not meet the eligibility requirements in that, *inter alia*, he is not receiving a retirement allowance or pension from any retirement or pension plan or system administered and operated by the State of New York, or a civil division thereof, and therefore is not a "prior retiree" pursuant to NYSHIP rules.

123. Lloyd Gelb does not meet the eligibility requirements in that he did not become enrolled in the plan as an "employee", did not withdraw from the active service of the AWD under the eligibility privileges of the plan, is not a member of a qualified retirement system, and did not "withdraw from the active service of" AWD and was not an unpaid elective official, and therefore is not a "post retiree" under NYSHIP rules.

124.  Lloyd Gelb is not a retired employee of the AWD.

125.  By reason of the foregoing, Lloyd Gelb is not entitled to health care insurance benefits which AWD provides to its retired employees.

### As a Third Affirmative Defense

126.  The provisions of the respondent Albertson Water District's ("AWD") Employee Handbook specify that the District's health insurance benefit is that which is provided by NYSHIP "...in accordance with the District's election in respect of same of December 1, 1981, and continued by the District on April 12, 1994.  The eligibility requirements for participation in the NYSHIP (and consequently to receive post-employment health benefits under the relevant AWD resolutions) are found in 4 NYCRR 73.2.  Section 3.2 describes eligibility and subdivision (a)(3) thereof states that coverage

> "shall cease without notice on the date of termination of status
> as an employee... the status of any person as an employee
> shall be deemed to terminate upon his severance from the
> payroll, except that for the purpose of continuing his coverage
> under the plan, the status of such person as an employee shall
> continue: ...

(iv) in the event of the employee's retirement..." 4 NYCRR 73.2 (a)(3)(iv)

127.  Sub-division 4 NYCRR 73.2 (a)(3)(v) and sub-division 4 NYCRR 73.2 (a)(3)(vi) similarly limit entitlement to those who have retired.   An individual is not eligible for health benefits if that individual does not satisfy the definition of "retired"

128.  Petitioner does not satisfy the definition of a "retired" or of a "retiree" pursuant to 4 NYCRR 73.1.

129. In any case, the grant of post-employment health benefits is discretionary pursuant to both the NYSHIP governing regulations and also the Civil Service Manual for Participating Agencies.

130. For the foregoing reasons, the AWD commissioners correctly determined, within their discretion, in a manner not arbitrary or capricious, that Gelb was not eligible for post-service health insurance benefits and further determined that it had a duty to discontinue and seek recovery of any sums paid in error.

### As a Fourth Affirmative Defense

131. The enabling documents of AWD's health insurance plan require that Lloyd Gelb cannot receive plan benefits subsequent to his service as commissioner unless he is eligible to participate in the New York State Retirement System and "eligible for and receiving non-disability related retirement benefits from the New York State and Local Employees Retirement System."

132. Plaintiff Lloyd Gelb is not participating in the aforesaid retirement system and is not receiving any benefits from said system.

133. By reason of the foregoing, Lloyd Gelb is not entitled to health care insurance benefits which AWD provides to its retired employees.

### As a Fifth Affirmative Defense

134. By reason of the foregoing, the payment of the benefits sought by the plaintiffs in their Complaint would be *ultra vires*.

### As a Sixth Affirmative Defense

135. Subsequent to December 31, 2005, any payment of health insurance

benefits by AWD for the benefit of plaintiffs was brought about as a result of a mistake of fact.

136. Subsequent to December 31, 2005, any payment of health insurance benefits by AWD for the benefit of plaintiffs was brought about as a result of a mistake of law.

137. By reason of AWD's status as an improvement district or governmental subdivision of the State of New York, any such mistakes are not binding upon AWD and are required to be corrected when discovered.

### As a Seventh Affirmative Defense

138. Plaintiffs have previously brought an action seeking virtually identical relief in state court (Supreme Court, Nassau County, Index No 1203/2015).

139. By reason of the foregoing, this action brought in federal court is not an appropriate forum to determine the issues herein because, among other reasons, it is duplicative.

### As a Eight Affirmative Defense

140. The issues herein and the facts stated in the affirmative defenses raise triable issues of fact.

141. By reason thereof, a trial is required to determine the issues inherent in this proceeding.

### As a Ninth Affirmative Defense

142. Plaintiffs are covered by Medicare benefits.

143. By reason thereof, Plaintiffs have ample health insurance coverage and do not need such benefits to be provided by AWD and in any case have no legal entitlement to such benefits.

## As a Tenth Affirmative Defense

144. Even had Plaintiffs previously been awarded and entitled to lifetime health benefits, and even assuming *arguendo* that the relevant regulations and resolutions did not prohibit such an award, it is and was within the discretion of the Albertson Water District to revoke that award at any time.  Iasillo v. Pilla, 120 A.D.3d 1192, 992 N.Y.S.2d 143 (2nd Dept. 2014).

145. The AWD exercised such discretion by meetings held in the usual course of its business on September 2, 2014, October 7, 2014, October 21, 2014, November 5, 2014, and November 18, 2014 and on other dates.

146. By reason of the foregoing, the Plaintiffs have no entitlement to the relief sought.

## As An Eleventh Affirmative Defense

147. The Complaint should be dismissed due to the absence of federal question jurisdiction.

## As A Twelfth Affirmative Defense

148. Even assuming *arguendo* that there is diversity jurisdiction, the Complaint should be dismissed pursuant to the abstention doctrine.   When federal and state court proceedings are simultaneously being carried out to determine the same questions of law, the federal court should allow the state court to resolve the issues.   Abstention is particularly appropriate here because the same plaintiffs filed a Request for Judicial Intervention in state court on February 25, 2015 with a petition seeking expedited relief.   That petition is currently pending before Hon. George R. Peck. (Supreme Court, Nassau County, Index No 1203/2015).

**As A Thirteenth Affirmative Defense**

149. The AWD defendants have qualified immunity for all actions alleged in the Complaint.

**As a First Counter Claim**

150. AWD paid for health insurance benefits for Plaintiffs for the period from January 1, 2006, through December 31, 2014.

151. Plaintiffs were not entitled to health insurance coverage paid for by AWD for the period from January 1, 2006, through December 31, 2014.

152. The said health insurance coverage for the Plaintiffs for the period from January 1, 2006 through December 31, 2014, was paid for by AWD in error.

153. The cost of said health insurance coverage for Plaintiffs for the period from January 1, 2006 through December 31, 2014 was $132,755.16.

154. AWD has demanded that Plaintiffs refund to AWD said amount of $132,755.16, but Plaintiffs have thus far refused and failed to do so.

155. By reason of the foregoing, Plaintiffs owe AWD the sum of $132,755.16, together with interest from June 30, 2010.

WHEREFORE, AWD demands **Trial By Jury** and a judgment in its favor and against the Plaintiffs as follows:

1. dismissing the Complaint herein in all respects;
2. awarding AWD a money judgment on its counter claim in the amount of $132,755.16, together with interest from June 30, 2010, and costs;
3. Awarding AWD a judgment for its attorney's fees;
4. Such other and further relief as the Court may deem just and

20

proper.

Dated:  New York, New York
        June 1, 2015

                              FAUST GOETZ SCHENKER & BLEE LLP

                              By: Andrew M. Roher, Esq.
                              Attorneys for Defendants
                              RICHARD W. OCKOVIC, Individually and in his
                              capacity as Commissioner of The Albertson Water
                              District and member of the Board of
                              Commissioners of the Albertson Water District,
                              HOWARD ABBONDONDELO, Individually and
                              in his capacity as Commissioner of the Albertson
                              Water District and member of The Board of
                              Commissioners of the Albertson Water District,
                              KENNETH F. VEY, Individually and in his
                              capacity as Commissioner of the Albertson Water
                              District and member of The Board of
                              Commissioners of the Albertson Water District,
                              THE BOARD OF COMMISSIONERS OF THE
                              ALBERTSON WATER DISTRICT, THE
                              ALBERTSON WATER DISTRICT,
                              Two Rector Street, 20th Floor
                              New York, New York 10006
                              P: (212) 363-6900

To:
Law Offices of Wayne J. Schaefer, LLC
Wayne J. Schaefer, Esq.
Attorneys for Plaintiffs
Lloyd Gelb and Beverly Gelb
199 East Main Street, Suite 4
Smithtown, NY  11787
(631) 382-4800

Elizabeth D. Botwin, Town Attorney
Brittany C. Russell, Esq.
Attorneys for Defendants
Town of North Hempstead and
The Town of North Hempstead Town Board
220 Plandome Road
Manhasset, New York 11030
(516) 869-7620

<u>VERIFICATION</u>

STATE OF NEW YORK )

COUNTY OF NASSAU )

      Rudolph Henriksen, being duly sworn, deposes and says:

      I am the Superintendent of defendant Albertson Water District ("AWD"). I have read the foregoing Answer and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true. The grounds of my belief as to all matters in the Answer not stated upon my own knowledge are based upon records in defendant's custody and also based upon my discussions with the AWD's District Counsel Anthony LaMarca.

                                      Rudolph Henriksen

Sworn to before me
this 1st day of June, 2015

NOTARY PUBLIC

ANTHONY J. LA MARCA
Notary Public, State of New York
No. 30-2236950
Qualified in Nassau County
Commission Expires April 30, 2019

22